UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| JERRY GATER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:16CV12 RLW |
| | ) | |
| UNKNOWN STEVENS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Plaintiff, a prisoner, seeks leave to proceed in forma pauperis in this civil action under 42 U.S.C. § 1983. Having reviewed plaintiff's financial information, the Court assesses a partial initial filing fee of $4.00, which is twenty percent of his average monthly deposit. *See* 28 U.S.C. § 1915(b).

### Standard of Review

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief [is] a

context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

**The Complaint**

Plaintiff brings this action against Lieutenant Unknown Stevens, Captain Unknown Mulcahy, and the Cape Girardeau County Jail. Plaintiff says his mail to the courts has been tampered with, that black mold in the showers has given him lung and eye infections, that other prisoners are losing weight because of inadequate nutrition, and that other inmates are not receiving random judge assignments from this Court.

**Discussion**

Plaintiff's claim against the Jail is legally frivolous because it cannot be sued. *Ketchum v. City of West Memphis*, Ark., 974 F.2d 81, 82 (8th Cir. 1992) (departments or subdivisions of local government are "not juridical entities suable as such.").

Plaintiff did not specify whether he is suing defendants in their official or individual capacities. Where a "complaint is silent about the capacity in which [plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-capacity claims." *Egerdahl v. Hibbing Community College*, 72 F.3d 615, 619 (8th Cir. 1995); *Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989). Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). To state a claim against a municipality or a government official in his or her official capacity, plaintiff must allege that a policy or custom of the government entity is responsible for the alleged constitutional violation. *Monell v. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978). The instant complaint does not contain any allegations that a policy or custom of a government entity was responsible for the alleged

violations of plaintiff's constitutional rights. As a result, the complaint fails to state a claim upon which relief can be granted.

"Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). In the instant action, plaintiff has not set forth any facts indicating that defendants were directly involved in or personally responsible for the alleged violations of his constitutional rights. As a result, the complaint fails to state a claim upon which relief can be granted for this reason as well.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 6] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff must pay an initial filing fee of $4.00 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this action is dismissed without prejudice.

An Order of Dismissal will be filed separately.

Dated this 7th day of April, 2016.

RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE

3